In the Matter of BASIL APOSTLE (Admitted as BASIL NICHOLAS APOSTLE), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 1, 1991

## APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*John G. Bonomi (Sheldon Amster* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to practice as an attorney by the Appellate Division in the First Judicial Department on June 24, 1968, under the name Basil Nicholas Apostle. In this proceeding, the Special Referee sustained the two charges of professional misconduct alleged against the respondent. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to disaffirm the findings of the Special Referee, or in the alternative, if the court confirms the findings, for imposition of the sanction of public censure.

Charge one alleged that the respondent improperly acquired a proprietary interest in the subject matter of litigation he was conducting on behalf of a client which conflicted with the interests of that client. In or about May 1981, the respondent was retained to defend a wife in a divorce proceeding. A $2,000 fee was agreed upon. On or about August 24, 1981, the respondent moved by order to show cause before the Supreme Court, Queens County, *inter alia,* to enjoin his client's husband from selling or otherwise disposing of an apartment building owned by the husband in Flushing, New York, during the pendency of the divorce proceeding. By order dated September 21, 1981, the husband was directed not to "encumber, relocate, sell or dispose of assets or property, including [the apartment building in Flushing], owned by him during the pendency of [the divorce] action". Although the parties did not pursue the divorce in 1981, the matrimonial action was not dismissed and the restraining order was not vacated. Thereafter, in or about June 1984 the wife directed the respondent to proceed with the divorce action. In or about September 1984 the respondent attempted to negotiate a settlement for his client. The husband's attorney stated that if the apartment building could be sold for $3,000,000 or more, the husband would pay his wife a lump-sum award of $200,000 as part of the divorce settlement. The respondent, acting on the suggestion of the husband that he would receive a finder's fee upon completion of the transaction if he located a purchaser for the building, actively sought a purchaser. He failed to disclose to his client that he had a different and conflicting interest from that of his client in seeking a purchaser.

Charge two alleged that the respondent improperly allowed his professional judgment on behalf of a client to become impaired by his own financial, business, property or personal

interests, and intentionally failed to carry out a contract of employment by failing to follow the client's specific directions, which prejudiced or damaged that client during the course of their professional relationship. In or about November 1984, the respondent located a purchaser for the husband's apartment building. A contract of sale was entered into on or about November 9, 1984, at which time the respondent negotiated a $117,500 brokerage commission for himself, payable by the purchaser upon closing. The respondent failed to promptly disclose the details of the brokerage commission agreement to his client and failed to disclose that by virtue of that agreement, he had a conflicting interest with respect to representing her in the sale. The respondent also failed to obtain a written stipulation of settlement from the husband, regarding the previously discussed lump-sum award to the wife upon the sale of the building for over $3,000,000. Subsequently, on or about December 10, 1984, the husband reduced the lump-sum offer to $50,000, which the wife rejected. On that day, the wife directed the respondent to continue as her attorney, to prepare for trial, and to prevent the sale of her husband's apartment building. The respondent failed to file a lis pendens against the building or otherwise prevent the sale, and title closed on or about January 15, 1985, at a sale price of $3,450,000. On that day, the respondent received his brokerage commission. The husband then absconded and, as a direct result of the respondent's failure to protect her interests, the wife received no portion of the sale proceeds. On or about December 23, 1985, the marriage was dissolved by court order, and the wife was awarded $573,500 as her equitable distributive share of the marital property, which was reduced on appeal to $436,000. The husband failed to pay any portion of this award.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including his previously unblemished record and the character evidence presented on his behalf. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent

is suspended from the practice of law for a period of three years commencing July 31, 1991, and until the further order of this court.

MANGANO, P. J., BRACKEN, KOOPER, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent Basil Apostle is suspended from the practice of law for a period of three years, commencing July 31, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Basil Apostle is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.